## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Todd Christopher Zastoupil, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:22cv265 (TSE/IDD) |
| | ) | |
| D. Leu, | ) | |
|     Respondent. | ) | |

### <u>MEMORANDUM OPINION</u>

Federal inmate Todd Christopher Zastoupil ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 alleging his rights were violated because he was not provided with a copy of a Discipline Hearing Officer's ("DHO") report in two separate proceedings (Incident Nos. 3214367 and 2918738), which prevented him from appealing the DHO sanctions through the BOP's administrative remedy program. [Dkt. No. 7-1]. Petitioner seeks to have Incident Nos. 3214367 and 2918738 expunged from his record and the lost good time in each case restored. [Id. at 8]. Respondent filed a motion to dismiss for lack of jurisdiction [Dkt. Nos. 10, 11], and a motion for summary judgment with a brief in support and sworn declaration. [Dkt. Nos. 9, 11]. Petitioner was given the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [Dkt. Nos. 9-1, 10-1], and submitted a brief in response to the respondent's motions. [Dkt. No. 13]. The matter is therefore ripe for adjudication. For the reasons stated below, respondent's motion to dismiss will be granted, his motion for summary judgment must be granted, and the underlying petition dismissed.

### I. Undisputed Facts

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he purpose of Rule 56 is to 'enable a party who believes there is no genuine dispute as

to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citation omitted). Respondent, pursuant to Rule 56 and Local Rule 56, set forth a statement of undisputed material facts based upon a sworn declaration that included documents from the BOP.

With the exception of whether the petitioner was ever provided with a copy of the DHO report in Incident No. 3214367, Petitioner has not disputed the facts set forth in Respondent's motion for summary judgment, Gholson v. Murray, 953 F. Supp. 709, 714 (E.D. Va. 1997), and the Court accepts the undisputed portion of Respondent's statement of facts as true. See Integrated Direct Mktg., LLC v. May, 129 F. Supp. 3d 336, 345 (E.D. Va. 2015) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine facts in opposition to the motion") (quoting E.D. Va. Loc. Civ. R. 56(B)), aff'd, 690 F. App'x 822 (4th Cir. 2017); see also JDS Uniphase Corp. v. Jennings, 473 F. Supp. 2d 705, 707 (E.D. Va. 2007) (movant's statement of undisputed facts is deemed admitted where nonmovant's response fails to "identify with any specificity which facts, if any, were disputed") (citing E.D. Va. Loc. Civ. R. 56(B)).

With regard to the DHO reports, the Petitioner's form petition and form amended petition [Dkt. Nos. 1 at 9; 7 at 9] are sworn, and state that he "was not provided with the DHO reports to appeal [his] incident reports." [Dkt. Nos. 1 at 6; 7-1 at 6]. In addition, the Petitioner submitted a copy of a letter from the BOP responding to his February 11, 2020 Freedom of Information request for a copy of the DHO report in Incident Nos. 3214367 and 2918738 that indicates BOP staff found no records responsive to his request, [Dkt. No. 2-1 at 11, 12]; and a copy of the

2

Petitioner's December 13, 2020 request for copies of the Incident Nos. 3214367 and 2918738, and the February 28, 2021 response from his Case Manager that states that the documents "were not present in [his] Central File." [Id. at 13]. The respondent has not addressed either document in their response. Consequently, there is a material dispute of fact as to whether the Petitioner ever received copies of the DHO report Incident No. 3214367, which is the only fact that the Petitioner has disputed. [Dkt. No. 12 at 1-3].

The undisputed facts are as follows:

1. Petitioner is currently confined at the Federal Correctional Institution – Medium in Petersburg, Virginia ("FCI Petersburg"). [Dkt. No. 11-1 at ¶ 4]. His projected release date, including his good conduct time, is June 27, 2047. [Id.].

### Incident Report No. 3214367

2. On January 17, 2019, Petitioner was issued an incident report charging him with violating BOP disciplinary code 306, refusing to accept a program assignment. [Id. at ¶ 5]. The incident report explained that Petitioner had refused a direct order to pack his property and accept a program in the General Population. Petitioner responded "No, I'm not going to General Population." [Id.]. The incident report was delivered to Petitioner on the same day. [Id.].

3. During the investigation of the incident, Petitioner was advised of his right to remain silent at all stages of the discipline process and he informed the investigator he understood his rights, claimed the report was not true as written, and replied "No comment," when offered the opportunity to make a statement. [Id. ¶ 6].

4. On January 22, 2019, the Unit Discipline Committee ("UDC") reviewed the incident report, noted that Petitioner admitted guilt, and referred the matter to a DHO for further hearing. [Id. ¶ 7].

3

5. On the same day, Petitioner was given a Notice of Discipline Hearing before the DHO and an Inmate Rights at Discipline Hearing form, which set forth his rights: to have a written copy of the charges against him at least 24 hours prior to appearing before the DHO; to have a staff representative; to call witnesses to testify on his behalf and present documentary evidence; to present a statement or remain silent; to be present throughout the disciplinary hearing; to be advised of the DHO's decision and disposition in writing; and to appeal the DHO's decision. [Id.]. Petitioner acknowledged being advised of these rights and indicated he did not wish to call any witnesses or have a staff representative assigned to his hearing. [Id. ¶ 8].

6. On January 28, 2019, Petitioner appeared before DHO C. Grider ("DHO Grider"), waived his right to a staff representative, and indicated that he did not wish to call any witnesses on his behalf. [Id. ¶ 9].

7. When asked if he wanted to make any further comment about the allegation, Petitioner admitted to the charge, and stated he was "not going to the compound." [Id. ¶ 10].

8. DHO Grider reviewed the incident report, an Inmate Investigative Report related to the incident, and then found Petitioner committed the prohibited act as charged. [Id. ¶ 11].

9. DHO Grider outlined in Section V of the DHO Report the specific evidence he relied upon to support his findings. DHO Grider discussed the evidence, including the incident report as well as Petitioner's admission of guilt. DHO Grider also noted that nothing in the Inmate Investigative Report suggested a threat to Petitioner's safety in the general population. [Id. ¶ 12].

10. DHO Grider imposed the following administrative sanctions against Petitioner for the disciplinary infraction: (1) loss of 14 days of good conduct time ("GCT"); (2) impound of personal property for one month; and (3) restriction of email privileges for one month. [Id. ¶ 13].

4

11. DHO Grider explained the sanctions were imposed because "The action/behavior on the part of any inmate to refuse to participate in a program interferes with staff's ability to carry out given assignments and/or duties" and that "no inmate will be permitted to refuse a program assignment that has been assigned by staff." [Id. ¶ 14].

12. On March 12, 2021, Petitioner filed an administrative remedy appeal alleging he had not been provided a copy of the DHO Report associated with Incident Report No. 3214367. [Id. ¶ 28]. On March 16, 2021, the administrative remedy request was rejected because it was untimely, and he had submitted it to the wrong office. [Id.]. Petitioner was instructed to appeal to the Regional Office in his current region, the BOP's Mid-Atlantic Region. [Id.].

13. On April 2, 2021, Petitioner submitted an administrative remedy request to the BOP's Mid-Atlantic Regional Director's Office, appealing the same DHO proceedings for Incident Report No. 3214367. [Id. ¶ 29]. On April 8, 2021, his remedy request was rejected and returned to him for being untimely. [Id.].

## Incident Report No. 2918738

14. Petitioner's Inmate Discipline Data indicates he previously had been found guilty of a Code 108 offense, possessing a hazardous tool, which resulted in the loss of 41 days of good conduct time. [Id. ¶ 17].

15. In response to the instant petition, the BOP reviewed its records and determined that Incident Report No. 2918738 should be expunged from Petitioner's record. [Id. ¶ 18].

16. Incident Report No. 2918738 no longer appears on Petitioner's discipline history and the previously lost 41 days of good conduct time were reinstated. [Id. ¶¶ 19, 20].

17. A review of Petitioner's Sentence Monitoring Good Time Data reflects that the lost 41 days of good conduct time for the period of October 8, 2016, through October 7, 2017 were

5

restored on or about June 10, 2022 [id. ¶ 21]; and that on or about June 27, 2022, his projected

good time release date was recalculated from August 7, 2047 to June 27, 2047. The "Remarks"

section of Petitioner's updated sentence computation indicates his good conduct time was

updated on June 9, 2022, "per expungement." [Id.].

## II. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Court must grant

summary judgment "if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving

party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex, 477

U.S. at 323 (moving party bears the burden of persuasion on all relevant issues). To do so, the

moving party must demonstrate that no genuine issues of material fact are present for resolution.

Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a

matter of law, the burden shifts to the non-moving party to point out the specific facts that create

disputed factual issues. Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 248 (1986). Only

disputes over facts which might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of

material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative

assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.

1985). However, "[o]nce a party has properly filed evidence supporting the motion for summary

judgment, the nonmoving party … must … set forth specific facts illustrating genuine issues for

trial…. [and] [s]uch facts must be presented in the form of exhibits and sworn affidavits. Failure

by plaintiffs to rebut defendants' motion with such evidence on their behalf will result in

summary judgment when appropriate." Gholson, 953 F. Supp. at 713 (citing Celotex, 477 U.S. at

322-24).

6

Respondent also seeks to dismiss for lack of subject matter jurisdiction because the claim regrading Incident Report No. 2918738 is moot. Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013). "[A] case is moot when the issues presented are no longer "'live' or the parties lack a legally cognizable interest in the outcome." Simmons v. United Mortg. And Loan Inv., LLC, 634 F.3d 754, 763 (4th Cir. 2011) (citation omitted). In other words, a case is moot when it is impossible for the court to grant relief to the prevailing party, such as when "complete relief" has been secured by a plaintiff. United States v. Springer, 715 F.3d 535, 540 (6th Cir. 2013); Simmons, 634 F.3d at 763.

### III. Analysis

To obtain habeas relief under § 2241, a petitioner must demonstrate that he is being detained in federal custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner alleges the DHO violated his due process rights on two occasions by failing to provide him with a copy of the DHO report in a timely fashion following the hearing. The Petitioner disputes the Respondent's sworn declaration that he received a copy of the DHO report for Incident Report No. 3214367. The Petitioner's claim seeking expungement and restoration of good conduct time for the sanction imposed in Incident Report No. 2918738 (41 days) is moot because the good conduct time was restored, and that Incident Report No. 2918738 has been expunged.

*A. Incident Report No. 3214367*

It is well-settled in the Fourth Circuit that a federal prisoner who files a petition under 28 U.S.C. § 2241 must first exhaust the prescribed administrative remedies available to him before asserting claims for judicial relief in federal court. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.") (unpublished opinion) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981). "In practical

7

terms, the law of habeas, like administrative law, requires proper exhaustion [of remedies]."
Woodford v. Ngo, 548 U.S. 81, 92 (2006) (emphasis added). Proper exhaustion of administrative
remedies demands compliance with an agency's deadlines and other critical procedural rules. Id.
at 90. This exhaustion requirement allows prison officials to develop a factual record and "an
opportunity to resolve disputes concerning the exercise of their responsibilities before being
haled into court." Jones v. Bock, 549 U.S. 199, 204 (2007). An inmate must complete all stages
of the administrative remedy process before the process is considered properly exhausted.
Woodford, 548 U.S. at 88–89; Wright v. Morris, 11 F.3d 414, 417 n.3 (6th Cir. 1997).

      Ordinarily, federal prisoners must exhaust "available" administrative remedies prior to
filing § 2241 petitions. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 489-92 (1973)
(emphasis added). When "legitimate circumstances beyond the prisoner's control preclude him
from fully pursuing his administrative remedies [the court] excuses this failure to exhaust."
Carmona, 243 F.3d at 634; see also Moore v. Bennette, 517 F.3d 717, 725, 725 (4th Cir. 2008)
(concerning availability of remedies under the Prisoner Litigation Reform Act). For purposes of
the present motions, the Court finds that for reasons beyond his control the Petitioner has been
unable to exhaust his claim via the normal BOP administrative procedures and excuses the
Petitioner's failure to exhaust.

      Whether properly exhausted or not, however, the record establishes no violation of
Petitioner's due process rights with respect to Incident No. 3214367. Wolff v. McDonnell, 418
U.S. 539 (1974) held that where an inmate's protected liberty interest is at stake, the Due Process
Clause requires procedures that will ensure that the inmate's protected interest is not "arbitrarily
abrogated." Id. at 557. Wolff held that an inmate subject to disciplinary sanctions that impact the
duration of the inmate's sentence must be afforded: (1) 24-hour advanced notice of the charges

8

against him; (2) a written statement by the factfinder as to the evidence relied on and the reasons for the action; (3) an opportunity to call witnesses and present documentary evidence; (4) assistance at the hearing if he is illiterate or if the matter is complex; and, (5) an impartial factfinder. Id. at 563-67.[1]

The record does not establish a violation of any of the rights required by Wolff. He was provided with a written copy of his rights after the issuance of the original incident report. [Dkt. No. 11-1 ¶¶ 5-8]. He declined to have any witnesses at the hearing or have a staff representative appointed to appear with him at the DHO hearing [id. ¶ 9], he had ample notice of the charges against him, he has not alleged the DHO for Incident Report No. 3214367 was bias, and there is no evidence the factfinder was not impartial. [Id. ¶ 10]. He also received a written notice of the DHO's findings, and a copy of the DHO report on January 28, 2019 [id. ¶¶ 15-16, 22-26], and was advised that he had 20 days to appeal the findings of the DHO report, which he failed to do.

Further, the "fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact," and "some evidence" supporting the disciplinary hearing officer's findings. Superintendent v. Hill, 472 U.S. 445, 456 (1985). "Ascertaining whether this [due process] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the

---

[1] The only claim before the Court is the claim that the Petitioner was denied due process because he was denied an appeal. See Folkes v. Nelsen, 34 F.4th 258, 269 (4th Cir. 2022) (citations omitted) ("Nothing authorizes a district court to expand or contract a petitioner's claim sua sponte. Instead, the court must consider claims as they are presented in the petition, reviewing them under the applicable standard. A court that alters the nature of a petitioner's claim, and grants habeas relief on that different ground, crosses the line between jurist and advocate.") (citations omitted). The Petitioner has also known since the UDC hearing on January 22, 2019 what evidence was submitted, which included his own admission that he was guilty. The incident report, which the Petitioner received on January 17, 2019, included his admission of guilt. [Dkt. No. 11-1 at 13-14]. Moreover, the Petitioner admits he received a copy of the DHO report for Incident No. 3214367 on July 15, 2022. [Dkt. No. 12 at 2]. The record does not reflect if the Petitioner attempted to pursue an appeal after receipt of the report on July 15, 2022.

record that could support the conclusion reached by the disciplinary board." Id. at 455-56; see

Tyler v. Hooks, 945 F.3d 159, 170 (4th Cir. 2019) (holding that Hill "is an exceedingly lenient

standard, requiring only 'a modicum of evidence' in order 'to prevent arbitrary deprivations

without threatening institutional interests or imposing undue administrative burdens' and "does

not require examination of the entire record, independent assessment of the credibility of

witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any

evidence in the record that could support the conclusion reached by the [DHO].") (quoting Hill,

472 U.S. at 455-56, 457); Solano-Moreta, 536 F. App'x 314, 314 (4th Cir. 2013) (noting that a

district court is "precluded from making independent credibility assessments or reweighing the

evidence" presented at the disciplinary hearing) (citing Hill, 472 U.S. at 455). Here, it is readily

apparent that there was some evidence to support the conviction for the disciplinary infraction in

Incident No. 3214367.

  To the extent the Petitioner alleges he was denied due process because he was denied an

appeal, he has failed to state a cognizable claim because he does "'not enjoy a procedural due

process right to an appeal.'" Rouse v. Andrews, No. 3:21cv63, 2022 U.S. Dist. LEXIS 15560,

*13 (E.D. Va. Jan. 27, 2022), aff'd, 2022 U.S. App. LEXIS 24083 (4th Cir. Aug. 26, 2022)

(quoting Coor v. Stansberry, No. 3:08CV61, 2008 U.S. Dist. LEXIS 119876, *4 (E.D. Va. Dec.

31, 2008), aff'd, 335 F. App'x 354 (4th Cir. 2009)) (citing Wolff, 418 U.S. at 563-71; Johnson v.

Goord, 487 F. Supp. 2d 377, 386 (S.D.N.Y. 2007)).[2] The motion for summary judgment will be

granted as to the claim involving Incident No. 3214367.

---

[2] See Pelletier v. Elam, 1:20cv524, 2021 U.S. Dist. LEXIS 115621, *8 (E.D. Va. June 17, 2021) (inmates do "not
enjoy a procedural due process right" to an administrative appeal); Salam v. Delaney, No. 1:12-cv-01040, 2015 U.S.
Dist. LEXIS 130289, *26 (W.D. Ark. Sept. 26, 2015) ("The right to appeal is not one of the procedures required to
comport with Due Process.") (citations omitted); Moses v. Blocher, No. 5:07-CT-3070-D, 2009 U.S. Dist. LEXIS
126016, *12-13 (E.D. N.C. Jan. 16, 2009) ("Wolff, however, does not mandate that prison officials provide inmates
with an appeal of a disciplinary decision. Because plaintiff does not have a constitutional right to appeal his
disciplinary conviction, he has failed to state a claim upon which relief may be granted.") (citations omitted), aff'd,

*B. Incident Report No. 2918738*

Regarding the second disciplinary proceeding, Incident Report No. 2918738, the BOP

avers, and Petitioner has not disputed, that it expunged Incident No. 2918738 from his record and

restored the previously lost 41 days of good conduct time that had been imposed as a sanction.

Accordingly, his claim alleging error in Incident No. 2918738 is moot and will be dismissed.

A federal court's jurisdiction empowers it to decide questions that can affect the rights of

litigants in the case before it, but it has "no authority to give opinions upon moot questions or

abstract propositions, or to declare principles or rules of law which cannot affect the matter in

issue in the case before it." Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007) (citations and

internal quotation marks omitted). A case is moot where "the issues presented are no longer

'live' or the parties lack a legally cognizable interest in the outcome." Id.; see also Hood v.

Johns, 432 F. App'x 180, 180 (4th Cir. 2011) (an appeal is moot if a court cannot grant any

effectual relief in favor of the appellant). Petitioner's claim is moot because his lost good time

has been restored and Incident Report No. 2918738 has been expunged from his record. See,

e.g., Gordon v. Andrews, No. 1:20cv578, 2020 U.S. Dist. LEXIS 164927, *2 (E.D. Va. Sept. 8,

2020) (citing Johnson v. Finnan, 252 F. App'x 98, 99 (7th Cir. 2007) (restoration of good time

credits renders moot inmate's habeas challenge)); Vidal v. Dir., Tex. Dep't of Crim. Justice-

Corr. Insts. Div., No. 6:16cv43, 2016 U.S. Dist. LEXIS 169930, *3 (E.D. Tex. Oct. 31, 2016)

(citing cases).

---

326 F. App'x 227 (4th Cir. 2009); see also Chambers v. Wilson, No. 1:15cv646, 2016 U.S. Dist. LEXIS 23454, *13 (E.D. Va. Feb. 24, 2016) ("To the extent the ruling may be administratively appealed, a prisoner has no federal due process rights in the appeal process.") (citing Brown v. Angelone, 938 F. Supp. 340, 345 (W.D. Va. 1996) (holding that violations of prison disciplinary appeal procedures do not implicate federal due process rights)).

## IV. Conclusion

For the foregoing reasons, the respondent's Motion to Dismiss [Dkt. No. 10] the claim that seeks relief with regard to Incident Report No. 2918738 must be granted; the Motion for Summary Judgment [Dkt. No. 9] with regard to the claim that seeks relief with regard to Incident Report No. 3214367 must be granted; and the petition must be dismissed with prejudice. An appropriate Order shall issue.

Entered this 15th day of _November_, 2022.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

12